## The People of the State of Illinois, Defendant in Error, v. Clyde Travis, Plaintiff in Error.

### Gen. No. 22,083.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH H. HOPKINS, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed December 18, 1916.

### Statement of the Case.

Proceeding by information by the People of the State of Illinois against Clyde Travis, defendant, charging him with knowingly causing, aiding and encouraging the delinquency of a female child under the age of eighteen years. To review a conviction, the defendant prosecutes a writ of error.

BEAUREGARD F. MOSELEY, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The People v. Travis, 202 Ill. App. 226.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. INFANTS, § 5a*—*when indictment sufficiently charges defendant with causing delinquency of child.* In a proceeding by information charging the defendant with causing the delinquency of a female child under the age of eighteen years, *held* that, lacking a motion to quash before the conclusion of the State case, the information was sufficiently certain in its language to charge the offense.

2. INFANTS, § 5a*—*when evidence justifies conviction on charge of causing delinquency of child.* A conviction under an information charging the defendant with causing the delinquency of a female child under the age of eighteen years in the City of Chicago, *held* justified where the evidence showed that the defendant met the girl out of the State, that she came to Chicago at the instigation of the defendant, that he paid her expenses and had sexual intercourse with her in Chicago.

3. WITNESSES, § 296*—*what does not discredit testimony.* In a proceeding by information charging the defendant with causing the delinquency of a female child under the age of eighteen years, *held* that the contention of the defendant's counsel that the delinquent girl, being admittedly unchaste, was not worthy of belief, and that therefore her evidence was discredited and should have no weight, was untenable.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.